IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HUNG INFRASTRUCTURE LTD. F/K/A MAMORU MINING LTD., <br><br> Plaintiff, <br> v. <br><br> BLOCKWARE MINING, INC., <br><br> Defendant. | Case No. 23 C 16195 <br><br> Honorable Sunil R. Harjani |

**MEMORANDUM OPINION AND ORDER**

  Before the Court is Defendant Blockware Mining, Inc.'s Motion to Dismiss Count II and III of the Amended Complaint pursuant to Fed. R. Civ. P. 9(b) and 12(b)(6). The Court previously granted Defendant's Motion to Dismiss Plaintiff Hung Infrastructure Limited, f/k/a Mamoru Mining Ltd.'s claims of fraudulent inducement (Count II) and violation of the Illinois Uniform Deceptive Trade Practices Act (UDTPA) (Count III) for failing to meet the pleading requirements. As discussed in the Court's prior ruling, this case centers around the performance of three Bitcoin mining contracts (collectively, the "Agreements"), which are governed by Illinois law. Hung alleges that Blockware fraudulently misrepresented its capacity to operate and failed to provide the required 98% uptime – the amount of time that the Bitcoin mining machines spend validating network transactions. The motion to dismiss [40] is denied in part and granted in part. Plaintiff has met the pleading requirements for fraudulent inducement (Count II). However, the UDTPA claim does not allege future harm to Hung. Thus, injunctive relief has not been pled and Count III must be dismissed with prejudice.

**Discussion**

  "A motion under Rule 12(b)(6) tests whether the complaint states a claim on which relief may be granted." *Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012). To survive a motion to dismiss, a complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing the sufficiency of a complaint for purposes of a motion to dismiss, the Court "construe[s] it in the light most favorable to the nonmoving party, accept[s] well-pleaded facts as true, and draw[s] all inferences in [the nonmoving party's] favor." *Bell v. City of Chicago*, 835 F.3d 736, 738 (7th Cir. 2016) (*quoting Reynolds v. CB Sports Bar, Inc.*, 623 F.3d 1143, 1146 (7th Cir. 2010)).

**Fraudulent Inducement (Count II)**

  Hung advances a theory of fraudulent inducement in Count II. The elements for fraudulent inducement under Illinois law are: "(1) a false statement of material fact; (2) defendant's knowledge that the statement was false; (3) defendant's intent that the statement induce[d] the plaintiff to act; (4) plaintiff's reliance upon the truth of the statement; and (5) plaintiff's damages

resulting from reliance on the statement." *Cohen v. Am. Sec. Ins. Co.*, 735 F.3d 601, 613 (7th Cir. 2013) (cleaned up). Rule 9(b) requires a party to state "with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). The Seventh Circuit has held that a plaintiff must describe the "who, what, when, where, and how" of the fraud. *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. Walgreens Co.*, 631 F.3d 436, 441-42 (7th Cir. 2011).

Here, Plaintiff has pled a plausible claim for relief. First, Plaintiff has alleged a false statement of material fact. As outlined in the Amended Complaint, Blockware represented themselves as experts in creating Bitcoin mining facilities that could "maximize equipment uptime" and "adapt to seasonal and environmental fluctuations." Doc. [33] at ¶¶ 21-24. This was a material reason that Hung decided to contract with Blockware. Hung also directly bargained for an uptime requirement during the negotiation process. Thus, the Agreements included the representation that the mining "[s]ervice shall be provided at an Uptime of 98% or better." Doc. [33] at Exs. B, C, D at § 1.1. Hung asserts that this statement was false – Blockware did not meet the uptime requirement during the pendency of the Agreements.

Hung has also alleged that Blockware knew the statement was false when it made the representation. "In Illinois, a defendant knowingly misrepresents a fact if it makes a statement with reckless disregard for its truth or falsity." *Newman v. Metro. Life Ins. Co.*, 885 F.3d 992, 1003 (7th Cir. 2018) (cleaned up). Hung posits that, when Blockware entered into the Agreements, Blockware was aware that it could not, or would not, meet the uptime requirement. Prior to entering into the Agreements, Blockware contracted with an electricity company to supply energy at a variable, instead of fixed, rate. Hung contends that, as Blockware knew the electricity prices could vary, Blockware was aware its electricity supply price could impact the ability to meet the uptime requirement. Hung alleges there is further evidence that Blockware knew they would not meet the uptime requirement because Blockware only procured a portion of the mining machines set forth in the Agreements and the machines were different models with different computational power. Thus, when the uptime representation was made, Blockware was aware that it could not or would not be able to meet this representation based on potential energy price increases.

The Amended Complaint also asserts that Blockware intended to induce Hung to sign the Agreements with the uptime requirement, that Hung relied on the truth of Blockware's representation, and that Hung incurred damages. *See Cohen*, 735 F.3d at 613. Hung contends that Blockware made the uptime misrepresentation because it was vital to Hung signing the Agreements. In support of their motion, Blockware argues that Hung cannot show reliance because it ratified the misrepresentation through signing the Agreements, which contained a clause disclaiming reliance. But the Amended Complaint pleads that Hung decided to contract with Blockware based on its representation that it could meet the uptime requirement – which Hung bargained for during the negotiation process. And Hung incurred damages – loss of bitcoins – as a result of the reliance. On a motion to dismiss, the Court must take as true these well-pled factual allegations, and Blockware's argument goes to the merits of the allegation, which is a matter for a later determination.

Additionally, fraudulent inducement has been pled with particularity pursuant to Rule 9(b) by stating the "who, what, when, where, and how" of the fraud. Fed. R. Civ. P. 9(b); *Pirelli Armstrong*, 631 F.3d at 441-42. The Amended Complaint sets forth allegations that Blockware

(through its executives) represented it could meet the uptime requirement in August 2021 at a meeting in Chicago, which was later memorialized in the Agreements. As discussed above, Hung alleges that Blockware knew it had variable energy costs which could increase, and Blockware had no intention to pay the increased costs, exhibited by its failure to buy the correct machinery.

In opposition, Blockware argues that: (1) the uptime representation was not a false statement of a then-existing material fact, but a forecast or prediction about future events; (2) the alleged misrepresentation was true and not made with fraudulent intent; and (3) there was no reliance. The Court finds these arguments unpersuasive.

First, the uptime requirement was a statement of Blockware's then-present capabilities. *See e.g.*, *United States Gypsum Co. v. Dependable, LLC*, 2023 WL 3479177, at *4 (N.D. Ill. May 16, 2023) (allegation of ability to manufacture a product in specific amounts according to a formula and specification was of then-present capability); *Specialty Moving Sys., Inc. v. Safeguard Computer Servs., Inc.*, 2002 WL 31178089, at *4 (N.D. Ill. Sept. 30, 2002) ("Count V alleges that defendants made misrepresentations concerning the present capabilities of their software, which is sufficient to state a claim for fraud."). Specifically, the Amended Complaint alleges that Blockware represented to Hung in an August 2021 meeting that it had the capability to meet the uptime requirement via its cryptocurrency mining facility. This uptime level is then included in the Agreements.

Even if the uptime representation is construed as a statement of future capabilities, Hung states a plausible claim for relief. Promissory fraud – a fraudulent statement of future performance – is disfavored in Illinois. *See Wigod v. Wells Fargo Bank, N.A.*, 673 F.3d 547, 570 (7th Cir. 2012). However, there is a broad exception when the fraud is part of a scheme to defraud. *Id.* "To invoke the scheme exception, the plaintiff must allege that, at the time the promise was made, the defendant did not intend to fulfill it." *Id.* Evidence sufficient to survive a motion to dismiss includes "a pattern of fraudulent statements, or one particularly egregious statement." *Id.* (noting two broken promises is enough to establish a scheme to defraud under Illinois law). Courts in this district have often found that promissory fraud claims under Illinois law may arise out of misrepresentations during the course of negotiating a transaction, as long as there is more than just a broken promise to indicate fraud during negotiations. *See Dependable*, 2023 WL 3479177, at *4 (*citing Meridian Lab'ys, Inc. v. OncoGenerix USA, Inc.*, 2020 WL 2468174, at *5 (N.D. Ill. May 13, 2020) (collecting cases)). Drawing inferences in favor of Hung, the Amended Complaint states a plausible promissory fraud claim under Illinois law. As discussed above, Hung contends that, prior to entering into the Agreements, Blockware contracted with an energy company to provide electricity at a variable rather than fixed rate. This created circumstances under which Blockware was unable or unwilling to meet the uptime requirement. Hung asserts that Blockware knew there was no intention of meeting the Agreements, as exhibited by the failure to buy the equipment outlined in the Agreements. Despite these facts, Blockware represented in the August meeting that it could meet the uptime requirement and reaffirmed this representation when signing each of the Agreements. With respect to Blockware's other arguments, as detailed above, Hung sufficiently alleged the uptime representation was false and made with fraudulent intent, and that there was reliance on Blockware's uptime representation. For all of these reasons, Blockware's attempts to dismiss the fraudulent inducement claim fails.

### UDTPA (Count III)

Plaintiff's final count arises under 815 ILCS 510, *et. seq.*, which prohibits entities from engaging in deceptive trade practices. The UDTPA does not authorize actual damages and only supports injunctive relief. 815 ILCS 510/3. First, Hung has not alleged injunctive relief. Instead, Hung seeks actual damages, costs and attorneys' fees, and "[s]uch other relief as is just and proper." Doc. [33] at 14. This alone warrants dismissal.

Further, it is not apparent that Hung can allege a claim for injunctive relief under the UDTPA. To support a claim for injunctive relief, a party must allege a likelihood of future injury. *See Kahn v. Walmart Inc.*, 107 F.4th 585, 606 (7th Cir. 2024); *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 740 (7th Cir. 2014). The Seventh Circuit's holding in *Camasta* is instructive on this issue. 761 F.3d at 740. There, the Court of Appeals upheld a dismissal of a UDTPA claim with prejudice because the plaintiff had only alleged that the defendant had previously harmed them. As "past exposure to illegal conduct did not show a present case or controversy regarding injunctive relief," the Seventh Circuit held that the district court properly dismissed the UDTPA claim with prejudice. *Id.* at 740-41 (*citing O'Shea v. Littleton*, 414 U.S. 488, 495 (1974)). The Seventh Circuit further noted that because the plaintiff was aware of defendant's sales practices they were not likely to be harmed by the practices in the future. *Id.* at 741. Similarly, Hung is now aware of Blockware's inability to meet the uptime requirement and thus unlikely to be harmed in the future. Accordingly, Count III must be dismissed with prejudice.

### Conclusion

For the reasons stated above, Defendant's motion to dismiss is granted in part [40]. Count II will proceed. Count III is dismissed with prejudice.

**SO ORDERED.**

Dated: December 20, 2024

_____
Sunil R. Harjani
United States District Judge